UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID CAI, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-06471-JSC<br><br>**ORDER RE: MOTION TO DISMISS UNRUH ACT CLAIM**<br><br>Re: Dkt. No. 8 |

Richard Sepulveda brings this disability access action regarding architectural barriers at the Lake Merritt Wash House which is owned and operated by Defendants David Cai, Diana Owyang, Cassandra Owyang, T. Owyang, and C.S. Yee. Defendants request the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, Cal. Civ. Code § 51, and dismiss the claim without prejudice to renewal in state court. (Dkt. Nos. 8, 14.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 19, 2022 hearing, and GRANTS the motion to dismiss.

**BACKGROUND**

Plaintiff avers he visited the Lake Merritt Wash House on three occasions in 2022 for laundry services. (Complaint at ¶ 12.) Plaintiff, who uses a walker for mobility, alleges "Defendants interfered with Plaintiff's access to the Business" and he "is still deterred from returning due to these conditions." (*Id.* at ¶¶ 6, 12.) Plaintiff identified architectural barriers including inaccessible restrooms and parking spaces which he "himself encountered…and/or is informed and believes that the architectural barriers [] violate the California Code of Regulations and the Americans with Disabilities Act Guidelines for Buildings and Facilities ("ADAAG") issued by the Department of Justice, and that they existed and continue to exist." (*Id.* at ¶¶ 4, 15.)

Plaintiff brought this suit seeking both an injunction under the ADA and damages under the Unruh Act.

## DISCUSSION

Where a federal court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances," when "there are compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs*., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Defendants move to dismiss Plaintiff's Unruh Act claim based on the Ninth Circuit's decision in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). In *Arroyo*, the Ninth Circuit addressed a district court's ability, under 28 U.S.C. § 1367(c)(4), to deny the exercise of supplemental jurisdiction over Unruh Act claims brought by "high-frequency litigants." The panel found California's heightened pleading standards for Unruh Act claims brought by such plaintiffs — enacted to "balance [the State's] objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs," *Arroyo*, 19 F.4th at 1213 — created an "exceptional circumstance" for the purpose of supplemental jurisdiction. Because "retention of supplemental jurisdiction over ADA-based Unruh Act claims threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms," the Ninth Circuit concluded the circumstances presented "are 'exceptional' in any meaningful sense of the term," and failing to recognize them as such "would improperly ignore the very substantial threat to federal-state comity that this overall situation presents." *Id*. at 1213.

District courts follow a two-step inquiry to determine whether to exercise supplemental jurisdiction over Unruh Act claims in disability access cases such as this. First, "the district court

2

1  must: (1) sufficiently explain 'why the circumstances of the case are exceptional' under §

2  1367(c)(4); and (2) show that 'the balance of the *Gibbs* values provides compelling reasons for

3  declining jurisdiction in such circumstances.'" *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022)

4  (quoting *Arroyo*, 19 F.4th at 1210-11).

5      This Court concludes, as have numerous courts before it, the circumstances here are

6  exceptional. *See e.g.*, *Johnson v. Kuma Kuma LLC*, No. 22-CV-01386-CRB, 2022 WL 17418977,

7  at *2 (N.D. Cal. Dec. 5, 2022); *Johnson v. Constantia Cap. Ltd.*, No. 22-CV-01456-RS, 2022 WL

8  3925290, at *2 (N.D. Cal. Aug. 30, 2022); *Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL

9  395316, at *2 (N.D. Cal. Feb. 9, 2022). Plaintiff concedes he is a "high-frequency litigant," who

10  filed 30 lawsuits in this District in 2022, and who would otherwise be subject to California's

11  heightened procedural requirements had this suit been filed in state court. (Complaint at ¶ 70;

12  Dkt. No. 11 at 7.) And, the state law claims animate this lawsuit as he seeks $12,000 in Unruh

13  Act statutory damages, damages he cannot recover under the ADA. So, this case has the same

14  exceptional circumstances *Arroyo* identified. Further, in contrast to *Arroyo*, where the district

15  court had already granted summary judgment to the plaintiff on their ADA claim, this case is in its

16  early stages and the merits have not yet been litigated.

17      Plaintiff's argument that the same level of injunctive relief is not available under state law

18  as is available under federal law is unpersuasive. Defendants' motion does not target Plaintiff's

19  request for injunctive relief under the ADA; he may continue to pursue his ADA claim in federal

20  court if he wishes. Regardless, Plaintiff has not shown there is any difference in the injunctive

21  relief available under state and federal law in *this* case. Plaintiff's lament that is it unfair to send

22  him to state court because the claim for "statutory damages …can be relatively easily dealt with in

23  the context of a default judgment motion in this case in federal court" does not make sense. (Dkt.

24  No. 11 at 11.) All Defendants have appeared and evidenced their intent to litigate this matter;

25  Plaintiff cannot bring a default judgment motion. Finally, Plaintiff's contentions that he is not as

26  litigious as other high-frequency litigants, he lives near the businesses he sues, and his conduct

27  shows he is genuinely concerned with improving access for the disabled, are not relevant to the

28  Court's inquiry under binding Ninth Circuit precedent: "[f]orcing the district court to determine if

these [] assertions are in fact true would itself run afoul of the *Gibbs* values—especially comity." *Vo*, 49 F.4th at 1173. "If the federal district court is required to adjudicate these threshold matters, it will "deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Id*. at 1174 (quoting *Arroyo*, 19 F.4th at 1213).

After balancing the *Gibbs* values in this case, the Court finds exceptional circumstances exist to justify declining supplemental jurisdiction over Plaintiff's Unruh Act claim. *Vo*, 49 F.4th at 1173-74.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Unruh Act claim is GRANTED without prejudice to refiling of that claim in state court. The parties shall continue with the General Order 56 procedures.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4